IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LEE TESTING & ENGINEERING,
INC., et al.,

      Plaintiffs,                          Case No. 2:11-cv-805
                                        JUDGE GREGORY L. FROST
v.                                     Magistrate Judge Norah McCann King

OHIO DEPARTMENT OF
TRANSPORTATION, et al.,

      Defendants.

## OPINION AND ORDER

Before the Court is the Defendants' Renewed Motion to Dismiss Plaintiffs' Amended Complaint. (ECF No. 16.) Despite being granted an extension of time in which to timely respond (ECF No. 21), Plaintiffs have not filed an opposition to the Defendants' Motion to Dismiss. For the reasons set forth below, Defendants' Motion is **GRANTED** and this case is dismissed.

### I. Background

Plaintiff Lee Testing & Engineering, Inc. ("LT&E") filed the original Complaint in this action on September 8, 2011. (ECF No. 2.) LT&E is alleged to have been a corporation engaged in the business of geotechnical and environmental engineering, material testing, and construction inspections. (*Id.*, Compl. at ¶ 1; *see also* ECF No. 14, Amended Compl., at ¶ 1.) The Complaint named the Ohio Department of Transportation ("ODOT") and six current or former state officials as Defendants. (ECF No. 2, at 1.) The Complaint identified the state-official Defendants as Jerry Wray (Director of ODOT), Jolene M. Molitoris ("Former Director" of ODOT), Michaela Peterson (ODOT "Assistant Legal Counsel"), Cathy Cola Perkins (ODOT

"Former Chief Legal Counsel"), Patrick J. Piccininni (ODOT "Deputy Director & Chief Legal Counsel"), and Karen Crago (ODOT "EEO Contract Coordinator"). (*Id.*)

The gravamen of the original Complaint was that LT&E had applied for certification by Defendant ODOT as a Disadvantaged Business Enterprise ("DBE"), that the certification was unduly delayed in its issuance, and that LT&E suffered damages as a result. (ECF No. 2, at ¶¶ 15-56.) The original Complaint alleged violations of 42 U.S.C. § 1983, Title VI of the Civil Rights Act, and various federal regulations. (*Id.* at ¶¶ 4-14.) The Complaint was signed by Verna Lee, LT&E's President and CEO, who purported to bring the action as a "Pro Se Plaintiff." (*Id.* at 9.)

The Defendants moved to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, citing, among other things, the fact that Verna Lee was unauthorized to bring an action "pro se" on behalf of LT&E. (*Id.* at 3-4.) Defendants also asserted immunity under the Eleventh Amendment to the United States Constitution. (*Id.* at 4-5.) On October 19, 2011, before the deadline for response to the Defendants' Motion to Dismiss, counsel for LT&E noticed his appearance and moved for leave to file an Amended Complaint. (ECF No. 9.) The Court granted leave to file an Amended Complaint and declared moot the Defendants' Motion to Dismiss the original Complaint. (ECF Nos. 10, 18.)

On December 23, 2011, Plaintiffs filed their Amended Complaint. (ECF No. 14.) The Amended Complaint included both LT&E and Verna Lee as Plaintiffs in the action, and named the same Defendants as in the original Complaint. (*See id.* at 1-2.) The Amended Complaint also indicated on its cover page that the suit was for money damages. (*Id.* at 1.) The Prayer for Relief also indicated that Plaintiffs sought money damages against all Defendants as their

remedy in the action. (*Id.* at 9-10.) The allegations of the Amended Complaint are substantially the same as the original Complaint; this time, however, the Complaint expressly asserts three claims for relief—"Racial and Gender Discrimination" (Claim One), "Due Process of Law Violation" (Claim Two), and "Negligence/Breach of Duties" (Claim Three). (*Id.* at 6-9.)

Defendants moved to dismiss the Amended Complaint. (ECF No. 16.) Again, Defendants assert Eleventh Amendment grounds as a basis for dismissal of the action for want of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (*Id.* at 1-2.) Defendants also move for dismissal under Fed. R. Civ. P. 12(b)(6) on the basis that the Amended Complaint fails to state a valid claim for relief under 42 U.S.C. § 1983 or any other theory. (*Id.* at 5-8.)

This Court granted Plaintiffs an extension of time to February 13, 2012, within which to respond to the Defendants' Motion. (ECF No. 21.) On February 22, 2012, Plaintiffs filed a motion to voluntarily dismiss ODOT as a Defendant in this action, which this Court granted. (ECF Nos. 23, 25.) Plaintiffs did not, however, file a response to the Defendants' Motion to Dismiss the Amended Complaint as to the remaining Defendants. With the time period for opposing Defendants' Motion now passed, the matter is ripe for decision.

## II. Discussion

Plaintiffs' Amended Complaint alleges three purported claims for relief. "Claim One" alleges discrimination under Title VI of the Civil Rights Act; "Claim Two" alleges "due process" violations, and is presumably brought under 42 U.S.C. § 1983, *see Mathis v. Ohio Dept. of Job and Family Servs.*, No. 2:11-cv-395, 2011 U.S. Dist. LEXIS 123436 (S.D. Ohio Oct. 25, 2011) ("as there is no direct cause of action under the United States Constitution, Plaintiffs' constitutional claims can only be filed pursuant to § 1983"); and "Claim Three" asserts a claim

3

titled "Negligence/Breach of Duties," presumably brought under state law. None of these claims can survive dismissal. Each of them is barred by either the Defendants' Eleventh Amendment immunity or by a failure to state a valid claim for relief.

  *A.*  *Eleventh Amendment*

  The Eleventh Amendment to the United States Constitution states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." It has long been settled that the Eleventh Amendment applies not only to suits brought against a State by a citizen of "another State," but also to suits brought by a citizen against the State in which he or she resides. *See generally Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is a proper vehicle to assert Eleventh Amendment immunity. *See Johnson v. Wolgemuth*, 257 F. Supp. 2d 1013, 1016-17 (S.D. Ohio 2003).

  The Eleventh Amendment, as interpreted by the Supreme Court, bars an action for damages in a federal court against a State, unless Congress has abrogated its sovereign immunity or the State has expressly waived it. *Virginia Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637-38 (2011). The same immunity applies to an instrumentality of the state, such as a state official sued in his or her official capacity. *Regents of the University of California v. Doe*, 519 U.S. 425, 429, 117 S. Ct. 900, 137 L. Ed. 2d 55 (1997); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). Suits for money damages against state officials in their official capacity are considered to be suits against the state itself. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

4

All of the remaining Defendants in this case are identified as either current or former state officials. (ECF No. 14, Amended Compl., at 1-2 and ¶ 3.) Plaintiffs' Amended Complaint does not indicate, however, whether they are seeking to hold these parties liable in their official or individual capacities. Accordingly, it is appropriate to presume that these officials are being sued in their official capacities. *See Hill v. Michigan*, 62 F. App'x 114, 115 (6th Cir. 2003) (citing *Moore v. City of Harriman*, 272 F.3d 769, 775 (6th Cir. 2001) (en banc)). Because state officials are being sued for money damages in their official capacity, the Eleventh Amendment is squarely in play as a bar to suit in federal court, at least to the extent that Plaintiffs are bringing claims under 42 U.S.C. § 1983 (Claim Two) and state law (Claim Three).

It is well settled that 42 U.S.C. § 1983 does not abrogate Eleventh Amendment immunity. *See generally Quern v. Jordan*, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979).[1] And the State of Ohio has not waived its immunity from suits for money damages, except to the extent that such claims are allowed to be brought in the Court of Claims of Ohio. *See* R.C. 2743.03. Ohio has not waived its Eleventh Amendment immunity from suits for money damages in federal court. *See Turker v. Ohio Dept. of Rehab. and Corrections*, 157 F.3d 453, 457 (6th Cir. 1998). Accordingly, the Defendants' Eleventh Amendment arguments are well taken as to Claims Two and Three of the Plaintiffs' Amended Complaint. Claims Two and Three are dismissed for want of federal jurisdiction.

---

[1] Plaintiffs' Section 1983 claims fail on the merits, in any event, because state officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983. *Will*, 491 U.S. at 62-71.

B.     *Title VI of the Civil Rights Act*

In addition to asserting Eleventh Amendment immunity, Defendants move for dismissal of the Amended Complaint under Fed. R. Civ. P. 12(b)(6), citing various bases to support their conclusion that the Amended Complaint fails to state a claim upon which this Court can grant relief.  (*See* ECF No. 16, at 5-8.)  Oddly, however, Defendants' Motion is largely devoted to the argument that Plaintiffs cannot state a valid claim for relief under 42 U.S.C. § 1983.  (ECF No. 16, at 5-8.)  Though Defendants are correct that Plaintiffs' claims under Section 1983 fail as a matter of law, *see supra*, footnote 1, the Court reads the Amended Complaint to allege more than a Section 1983 theory of relief under federal law.

Defendants do not acknowledge it expressly, but the Amended Complaint alleges a discrimination claim under Title VI of the Civil Rights Act of 1964.  (ECF No. 14, Amended Compl., at ¶¶ 6-7, 38.)[2]  Indeed, paragraph 38 of the Amended Complaint invokes Title VI expressly, alleging that ODOT receives federal funding and that "discrimination because of [Lee's] race, Black; gender, Female; and Age, over forty" violated Plaintiffs' "rights as promulgated under Title VI of the Civil Rights Act as amended."  (*Id.*, ¶ 38.)  As a substantive

---

[2]Defendants' Motion to Dismiss seems to deliberately avoid acknowledging that Plaintiffs rely on Title VI as a basis for liability.  The Defendants describe Plaintiffs' Amended Complaint as seeking "money damages [that] arise from Defendants' conduct with respect to Lee's application to be certified as a Disadvantage [*sic*] Business Enterprise . . . as provided for in 49 C.F.R. Part 26.  Amended Complaint: ¶¶ 4, 5, 8 on [*sic*] and ¶ 9."  (ECF No. 16, at 3.)  Defendants curiously omit citation to paragraphs 6 and 7 of the Amended Complaint, which cite Title VI of the Civil Rights Act (and 42 U.S.C. § 2000d specifically) as a basis upon which Plaintiffs assert federal jurisdiction.  Nor do Defendants acknowledge that Plaintiffs allege race, sex, and age discrimination, or that paragraph 38 of the Amended Complaint expressly cites Title VI of the Civil Rights Act.  (*See* ECF No. 14, Amended Compl., at ¶ 38.)  If the Defendants intended these omissions in their Motion as a test of whether this Court actually read the Plaintiffs' Amended Complaint — as opposed to taking the Defendants' word for what it says — the parties can rest assured that the Court has passed the test.

matter, Title VI reaches one of the protected classifications cited by Plaintiffs, as 42 U.S.C. § 2000d prohibits "discrimination under any program or activity receiving Federal financial assistance" on the basis of "race, color, or national origin."

Elsewhere in Title VI, Congress expressly abrogated Eleventh Amendment immunity for, among other things, suits for violations of 42 U.S.C. § 2000d. *See* 42 U.S.C. § 2000d-7 Section 2000d-7 therefore abrogates any Eleventh Amendment immunity available to individual state officials sued in their official capacity. *See Gean v. Hattaway*, 330 F.3d 758, 775 (6th Cir. 2003). And as a matter of substantive law, it is "taken as given" that private individuals may sue to enforce Title VI of the Civil Rights Act. *Alexander v. Sandoval*, 532 U.S. 275, 279, 121 S. Ct. 1511, 149 L. Ed. 2d 517 (2001).

Even though Defendants do not *expressly* cite Plaintiffs' Title VI claim in their Motion to Dismiss, one of their arguments for dismissal of all claims against the individual Defendants (the only Defendants remaining in the action) is broad enough to reach the Title VI theory of relief. Defendants argue that the Amended Complaint fails to allege any specific acts or omissions by any of the named individual Defendants and, for that reason, Plaintiffs have failed to state a valid claim upon which relief can be granted "under 42 U.S.C. § 1983 (*or any other theory*)." (ECF No. 16, at 5 (emphasis added).) This Court accordingly treats Defendants' Motion as seeking dismissal of the Amended Complaint in its entirety, including any Title VI theory of relief asserted.

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167

7

L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The factual allegations of a pleading, when accepted as true and construed in the light most favorable to the plaintiff, must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

As an initial matter, the Court notes that Plaintiffs' Title VI claim is limited only to race discrimination. In the Amended Complaint, Plaintiffs purport to assert Title VI liability for race, sex, and age discrimination. (ECF No. 14, Amended Compl., at ¶ 38.)[3] But by its plain terms, Title VI only bars discrimination on the basis of "race, color, or national origin." 42 U.S.C. § 2000d. Thus, Plaintiffs do not state a valid claim for Title VI relief as to their claims for sex and age discrimination. Those claims are accordingly dismissed.

As to the remaining claim for race discrimination, Plaintiffs' Title VI claim does not state a claim upon which relief can be granted. As noted previously, due to ODOT being dismissed from this case on Plaintiffs' Motion (ECF Nos. 23, 25), the only remaining Defendants in this case are current or former ODOT officials. Even assuming that the individuals sued in this case

---

[3]"Claim One" of the Amended Complaint is titled "Racial and Gender Discrimination." (ECF No. 14, at 6.) In paragraph 38, however, Plaintiffs specifically allege age discrimination in addition to race and gender discrimination. Plaintiffs rely, however, only on Title VI of the Civil Rights Act of 1964 for this theory.

in their official capacities are proper defendants in a Title VI race discrimination claim,[4] the Amended Complaint fails to allege any acts of discrimination (on the basis of race or otherwise) committed by any of these Defendants acting in their official or individual capacity. Read as a whole, in fact, the Amended Complaint is conspicuously devoid of factual allegations of wrongdoing by *any* of the individual defendants.

Of the 56 paragraphs contained in the Amended Complaint, only three are reasonably construed to allege some semblance of wrongdoing against specific individuals. Plaintiffs allege that (1) Defendant Molitoris "failed in her duties to assure" that her directive as to the approval of Plaintiffs' DBE certification was carried out, (2) Defendant Wray, who succeeded Molitoris as ODOT Director, failed to issue the DBE certification "as so ordered by his predecessor," and (3) Defendants Peterson and Cola Perkins "disregarded" Molitoris' order that Plaintiffs receive DBE certification. (ECF No. 14, Amended Compl., at ¶¶ 47, 48, 54.) But these allegations do not help Plaintiffs' Title VI claim, as they do not allege race discrimination. Indeed, they are not even included under Plaintiffs' Title VI claim; rather, these allegations appear under Plaintiffs' "Third Claim" for state-law negligence, which (as noted previously) is barred by the Eleventh Amendment.

Absent any allegations of wrongdoing against the individual officials named as Defendants, the Amended Complaint's Title VI claim does nothing more than ask the Court to

---

[4]*See Buchanan v. City of Bolivar*, 99 F.3d 1352, 1356 (6th Cir. 1996) (noting that a discrimination claim under 42 U.S.C. § 2000d must be brought against the *entity* receiving financial assistance); *accord D.J. Miller & Assocs., Inc. v. Ohio Dept. of Admin. Servs.*, 115 F. Supp. 2d 872, 877 n.2 (S.D. Ohio 2000). *But see Steel v. Alma Pub. Sch. Dist.*, 162 F. Supp. 2d 1083, 1085 (W.D. Ark. 2001) (holding that individuals sued in their *official* capacities are proper Title VI defendants so long as they "exercise administrative control over programs and activities" that receive federal financial assistance) (citing *Smith v. Metropolitan Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1020-21 & n.2 (7th Cir. 1997)).

infer the *possibility* of race discrimination. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)). For these reasons, dismissal of Plaintiffs' Title VI claim is appropriate under Fed. R. Civ. P. 12(b)(6).

### III. Conclusion

For the reasons set forth above, the Motion to Dismiss (ECF No. 16) of the remaining Defendants is **GRANTED**. The Plaintiffs' Amended Complaint is **DISMISSED** and this case is hereby terminated from the Court's docket.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**